UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DEMETRIUS CHARLES EDWARD DERDEN,<br><br>Defendant. | Case No. 12-CR-0012 (PJS/SER)<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

Julie E. Allyn, UNITED STATES ATTORNEY'S OFFICE, for plaintiff.

Steve L. Bergeson, TUTTLE BERGESON PETROS, P.A., for defendant.

Defendant Demetrius Charles Edward Derden is charged with interfering with commerce by robbery in violation of the Hobbs Act, 18 U.S.C. § 1951.  *See* ECF No. 1.  This matter is before the Court on Derden's objection to Magistrate Judge Steven E. Rau's April 16, 2012 Report and Recommendation ("R&R").  Judge Rau recommends denying Derden's motion to suppress evidence obtained as a result of Derden's warrantless arrest at his residence in Blaine, Minnesota, on December 4, 2011.  *See* ECF No. 36.

The Court has conducted a de novo review.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(3).  Based on that review, the Court agrees with Judge Rau that, even though there is insufficient evidence to conclude that Denise Kellerman (the owner of the home in which Derden rented a basement room) had actual authority to consent to the police officers' entry into the basement, the officers reasonably relied on Kellerman's apparent authority to consent.  *See* R&R at 15-19 (citing *Illinois v. Rodriguez*, 497 U.S. 177, 185-86 (1990)); *see also United States v. Hilliard*, 490 F.3d 635, 639 (8th Cir. 2007) ("Even if the third party lacked the requisite common

authority, the Fourth Amendment is not violated if the police reasonably believed the consent was valid."). Accordingly, the Court adopts Judge Rau's R&R and his recommendation that Derden's motion to suppress be denied.

Only one issue merits comment:

In his objection to the R&R, Derden makes much of the fact that Kellerman never explicitly consented to the officers' search of the basement. *See* ECF No. 48 at 3 ("There is no evidence that [Kellerman] explicitly told the officers they were permitted to search the basement. . . . Despite the fact that she let them into the house initially, that is not the same as giving consent to search the rest of the house, and specifically it is not consent to search the basement rented by Mr. Derden."). It is well established, however, that police officers may rely on "words and gesture[s]" in determining consent. *See United States v. Almeida-Perez*, 549 F.3d 1162, 1172 (8th Cir. 2008); *see also United States v. Williams*, 521 F.3d 902, 906-07 (8th Cir. 2008) ("The precise question is not whether [Davis] consented subjectively, but whether his conduct would have caused a reasonable person to believe that he consented." (internal quotations omitted)).

Here, although Kellerman never explicitly gave the officers permission to enter the basement, she told the officers: (1) that Derden was in the basement; (2) that the stairs to the basement were through the kitchen area (and she pointed to the doorway leading to the stairs); and (3) that they should be careful because there were children in the basement. *See* ECF No. 24 at 36-37, 50-51. It light of Kellerman's "words and gestures," the officers reasonably believed that Kellerman had consented to their entry into the basement. *See Almeida-Perez*, 549 F.3d at

1171 ("Our circuit precedent . . . has been more liberal about allowing police to form their impressions from context.").[1]

Because the Court concludes that Derden's warrantless arrest was lawful under the Fourth Amendment, his motion to suppress evidence is denied.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED that:

1. Defendant Demetrius Charles Edward Derden's objection [ECF No. 48] is OVERRULED.

2. The Court ADOPTS the R&R [ECF No. 36].

3. Derden's motion to suppress evidence [ECF No. 17] is DENIED.

Dated: May 30, 2012

 s/Patrick J. Schiltz
Patrick J. Schiltz
United States District Judge

---

[1] Derden also appears to argue that, because Officer Mark Allen (one of the officers who arrested Derden on December 4, 2011) knew that he rented the basement from Kellerman, it was unreasonable for the officers to have believed that Kellerman had the authority to consent to their search of the basement. *See* ECF No. 48 at 5-6. For the reasons stated in Judge Rau's R&R, the Court concludes that, notwithstanding Derden's payment of rent, the officers reasonably believed that Kellerman had authority over the basement.