UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DEMETRIUS CHARLES EDWARD DERDEN,<br><br>Defendant. | Case No. 12-CR-0012 (PJS/SER)<br>Case No. 14-CV-3235 (PJS)<br><br>ORDER |

Demetrius C. Derden, pro se.

Demetrius Derden pleaded guilty to interference with commerce by robbery under the Hobbs Act. 18 U.S.C. § 1951(a). At sentencing, the Court concluded that Derden was a career offender for purposes of § 4B1.1 of the United States Sentencing Guidelines because he had been convicted of two prior crimes of violence. There was no dispute that one of Derden's prior convictions — a 2006 conviction for first-degree aggravated robbery — was a crime of violence for purposes of § 4B1.1. But the parties disputed whether the second of Derden's prior convictions — a 2004 conviction for theft from a person — was also a crime of violence.

Derden's theft conviction was for violating Minn. Stat. § 609.52, subd. 2(1). This is the "kind of statute [that] sets out one or more elements of the offense in the alternative — for example, stating that burglary involves entry into a building *or* an automobile." *Descamps v. United States*, 133 S. Ct. 2276, 2281 (2013). The Supreme Court refers to such statutes as "divisible." *Id.* In order to determine which of the multiple crimes described within Minn. Stat. § 609.52, subd. 2(1) Derden had been convicted of committing — and thus whether Derden had been convicted of a crime of violence — this Court took the "modified categorical approach,"

which "permits sentencing courts to consult a limited class of documents, such as indictments and jury instructions, to determine which alternative formed the basis of the defendant's prior conviction." *Id.* Specifically, the Court relied on two uncontested assertions in the presentence investigation report ("PSR"): (1) an assertion that, during the theft, Derden punched the victim on the side of her face, took her purse, and ran away; and (2) an assertion that Derden had received a sentence of 93 days in custody. Based on these assertions, the Court concluded that Derden had been convicted of taking property "from the person of another" in violation of Minn. Stat. § 609.52, subds. 2(1) & 3(3)(d)(i).[1] (The modified categorical approach permits sentencing courts to rely on unchallenged facts in the PSR. *United States v. Montgomery*, 701 F.3d 1218, 1223 (8th Cir. 2012); *United States v. Menteer*, 408 F.3d 445, 446-47 (8th Cir. 2005) (per curiam).)

In *United States v. Abari*, 638 F.3d 847, 850-51 (8th Cir. 2011), the Eighth Circuit held that this precise offense is a "violent felony" for purposes of the Armed Career Criminal Act ("ACCA"). The definition of "violent felony" for purposes of the ACCA is virtually identical to the definition of "crime of violence" for purposes of § 4B1.1, and the Eighth Circuit generally treats them the same. *See United States v. Williams*, 664 F.3d 719, 721 n.2 (8th Cir. 2011). For that reason, the Court concluded that Derden had committed two crimes of violence — and thus

---

[1] The prosecutor who handled Derden's case confirmed that Derden had been convicted of violating Minn. Stat. § 609.52, subds. 2(1) & 3(3)(d)(i). Because this information was not part of the record — and because this type of information cannot be considered by a court under the modified categorical approach — the Court explicitly stated that it was not relying on the information in ruling that Derden was a career offender. The Court did, however, want to assure Derden that the Court had gone outside of the record to make certain that there was no evidence contradicting the conclusion that the Court had reached based on the assertions in the PSR.

was properly deemed a career offender — for purposes of § 4B1.1.  The Court sentenced Derden to 170 months' imprisonment, which was well with the Guidelines range of 151 to 188 months.

This matter is before the Court on Derden's motion under 28 U.S.C. § 2255 to vacate his sentence.  ECF No. 90.  Derden argues that (1) under *Descamps*, the Court erred in using the modified categorical approach to determine whether his prior Minnesota conviction for theft was a crime of violence, and (2) his lawyer was ineffective for not noticing this purported error and for not objecting to the Court's alleged failure to rule on an objection that Derden says that he made to the PSR.  Derden's § 2255 motion is denied for several reasons:

*First*, the Eighth Circuit has consistently held that § 2255 does not provide relief for errors made in interpreting the Sentencing Guidelines — including errors made in applying the career-offender provisions — so long as the defendant did not receive a sentence in excess of the statutory maximum.  *See, e.g.*, *Sun Bear v. United States*, 644 F.3d 700, 705-06 (8th Cir. 2011) (en banc); *Meirovitz v. United States*, 688 F.3d 369, 371-72 (8th Cir. 2012); *Donnell v. United States*, 765 F.3d 817, 819 n.2 (8th Cir. 2014).  Derden points out that the *Sun Bear* and *Meirovitz* courts noted that the sentences imposed in those cases — unlike the sentence imposed in Derden's case — would have fallen within the Guidelines range even without the career-offender enhancement.  *Sun Bear*, 644 F.3d at 705; *Meirovitz*, 688 F.3d at 371.  But it is clear that, in each case, the basis for the Eighth Circuit's ruling was that the defendant's sentence did not exceed the statutory maximum.  *Sun Bear*, 644 F.3d at 706 ("Sun Bear's 360-month sentence is not unlawful.  An unlawful or illegal sentence is one imposed without, or in excess of, statutory authority."); *Meirovitz*, 688 F.3d at 371–72 (" . . . Meirovitz's life sentence does not exceed the statutory maximum."); *see also Hawkins v. United States*, 706 F.3d 820, 823 (7th Cir.) (explaining that a Guidelines error that does not result in a sentence above the statutory

maximum "could not be corrected in a postconviction proceeding"), *supplemented on denial of reh'g by* 724 F.3d 915 (2013).  Derden's sentence did not exceed the statutory maximum, and therefore he cannot use § 2255 to raise an alleged error in calculating his Guidelines range.

*Second*, even if Derden could use § 2255 to challenge this Court's interpretation of the Sentencing Guidelines, Derden's challenge would be rejected.  *Descamps* held that the modified categorical approach cannot be used when the defendant has been convicted of violating an *indivisible* criminal statute.  But, as already explained, Derden was convicted of violating a *divisible* statute.  To elaborate:

Minn. Stat. § 609.52, subd. 2(1) makes it unlawful to intentionally and without claim of right:

- take the movable property of another, *or*
- use the movable property of another, *or*
- transfer the movable property of another, *or*
- conceal the movable property of another, *or*
- retain possession of the movable property of another,

"without the other's consent and with intent to deprive the owner permanently of possession of the property."  Moreover, subdivision 3 prescribes different maximum sentences for violations of subdivision 2(1) depending on a wide variety of factors, such as the value of the property stolen, the nature of the property stolen, and the circumstances of the theft.  For example, subdivision 3(3)(d)(i) prescribes a sentence of not more than five years' imprisonment when "the value of the property or services stolen is not more than $1,000" and "the property is taken from the person of another."

"[F]acts that increase the prescribed range of penalties to which a criminal defendant is exposed are elements of the crime." *Alleyne v. United States*, 133 S. Ct. 2151, 2160 (2013) (quotation marks omitted). Thus, Minnesota's theft statute "effectively creates 'several different . . . crimes,'" *Descamps*, 133 S. Ct. at 2285 (quoting *Nijhawan v. Holder*, 557 U.S. 29, 41 (2009)) — first by describing various offenses in subdivision 2(1) and then by setting forth various maximum penalties in subdivision 3, always separating the alternatives with the disjunctive "or." Without question, then, the statute under which Derden was convicted is divisible. *See United States v. Bankhead*, 746 F.3d 323, 326 (8th Cir. 2014) ("The hallmark of divisibility is the enumeration of alternative bases for conviction separated by the disjunctive 'or.'"); *United States v. Abbott*, 748 F.3d 154, 158-59 (3d Cir. 2014) (concluding Pennsylvania law broadly outlawing possession with intent to distribute "a controlled substance" divisible because penalty determined by type of drug). And because the statute is divisible, *Descamps* did not forbid the Court to take the modified categorical approach. *See United States v. Rucker*, 545 F. App'x 567, 572 (8th Cir. 2013) (rejecting argument that *Descamps* affected counting of conviction under subd. 3(3)(d)(i) as a "violent felony" under Armed Career Criminal Act).

*Third*, Derden's ineffective-assistance claim fails because it is premised on the argument that the Court violated *Descamps*. As just explained, the Court did not violate *Descamps*, and thus Derden's attorney was not ineffective for failing to object under *Descamps* (which, in any event, had not been decided at the time that Derden was sentenced).

*Finally*, Derden alleges that the Court failed to rule on an objection that he made to the PSR, and that his attorney was ineffective for failing to draw to the Court's attention to that omission. Derden's argument fails because the Court ruled on the one and only objection that he made. Derden objected to the PSR's conclusion that he was a career offender and argued in

support of that objection that his theft offense was "categorically" — that is, without regard to "the particular facts" — not a crime of violence. ECF No. 62 at 8-11; ECF No. 81 at 3-9. The Court overruled that objection. ECF No. 81 at 10-13. It is important to emphasize that this was not a factual objection, but a legal one. Derden argued that the Court was required to take the categorical approach in determining whether he had been convicted of a crime of violence and that, under the categorical approach, Derden's theft conviction was not such a crime. This is not the same as objecting to the factual assertions in the PSR about the circumstances of Derden's crime; to the contrary, it is an argument that the circumstances are *irrelevant*, as a court taking the categorical approach may not look beyond the words of the statute. *See Taylor v. United States*, 495 U.S. 575, 600 (1990) (holding that a court applying the categorical approach may "look[] only to the statutory definitions of the prior offenses, and not to the particular facts underlying those convictions").

The Court verified with Derden's lawyer that he was making only a legal objection to being categorized as a career offender, and not an objection to any of the factual assertions made in the PSR. Specifically, the Court asked Derden's attorney: "My understanding is that you have no objection to the factual assertions in the PSR but you object to the assertion in paragraphs 26 and 37 that Mr. Derden is a career offender, is that correct?" Derden's attorney responded: "That's correct, Judge." ECF No. 81 at 3. In short, Derden's attorney had no reason to challenge the Court for not ruling on an objection to the PSR because the Court ruled on the one and only objection that Derden made.

For these reasons, the Court denies Derden's § 2255 motion.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, the Court DENIES Derden's motion under 28 U.S.C. § 2255 to vacate, set aside or correct his sentence [ECF No. 90].

Dated: October 29, 2014         s/Patrick J. Schiltz
                                Patrick J. Schiltz
                                United States District Judge