UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 12-CR-0012 (PJS/SER) |
| | Case No. 14-CV-3235 (PJS) |
| Plaintiff, | |
| v. | ORDER |
| DEMETRIUS CHARLES EDWARD DERDEN, | |
| Defendant. | |

Demetrius C. Derden, pro se.

Demetrius Derden pleaded guilty to interference with commerce by robbery under the Hobbs Act, 18 U.S.C. § 1951(a), and was sentenced to 170 months' imprisonment. At sentencing, the Court determined that Derden was a career offender for purposes of § 4B1.1 of the United States Sentencing Guidelines. The Court did so over the objection of Derden, who argued that one of his prior convictions — a 2004 conviction for theft from a person, in violation of Minn. Stat. § 609.52, subd. 2(1) — was not a "crime of violence" for purposes of § 4B1.1.

Derden filed a motion collaterally attacking his sentence under 28 U.S.C. § 2255. ECF No. 90. He argued (among other things) that this Court had "failed to comply with Fed. R. Crim. P. 32(i)(3)(B)" by failing to "acknowledge" an objection that he had made to the presentence investigation report ("PSR"). ECF No. 90 at 5-6. According to Derden, he objected to the assertion in the PSR that he had been convicted of theft from a person after punching a woman in the face and stealing her purse, the Court violated Rule 32(i)(3)(B) by failing to rule on that objection,

and Derden's trial counsel was ineffective for "neglect[ing] to raise the Court's failure to comply with Rule 32(i)(3)(B)." ECF No. 90 at 10.

The Court denied Derden's § 2255 motion. After reviewing Derden's sentencing submissions and the transcript of the sentencing hearing, the Court concluded that it had "ruled on the one and only objection that [Derden] made." ECF No. 93 at 5. The Court explained:

> Derden objected to the PSR's conclusion that he was a career offender and argued in support of that objection that his theft offense was "categorically" — that is, without regard to "the particular facts" — not a crime of violence. ECF No. 62 at 8-11; ECF No. 81 at 3-9. The Court overruled that objection. ECF No. 81 at 10-13. It is important to emphasize that this was not a factual objection, but a legal one. Derden argued that the Court was required to take the categorical approach in determining whether he had been convicted of a crime of violence and that, under the categorical approach, Derden's theft conviction was not such a crime. This is not the same as objecting to the factual assertions in the PSR about the circumstances of Derden's crime; to the contrary, it is an argument that the circumstances are *irrelevant*, as a court taking the categorical approach may not look beyond the words of the statute.

ECF No. 93 at 5-6. The Court also noted that, at the sentencing hearing, Derden's attorney had explicitly confirmed that Derden was *not* objecting to any of the factual assertions in the PSR. *Id.* The Court held that, because it had not violated Rule 32(i)(3)(B), Derden's attorney had obviously not been ineffective for failing to call such a violation to the Court's attention. *Id.*

This matter is again before the Court on Derden's motion under Fed. R. Civ. P. 59(e) to alter or amend the judgment denying his § 2255 motion. ECF No. 96.

-2-

Derden insists that he did indeed challenge the facts about his theft in the PSR, pointing to a letter his attorney addressed to the probation officer who prepared the PSR. (Derden attached this letter to his § 2255 motion. ECF No. 91-1.) Derden also maintains that his appellate counsel was ineffective for failing to pursue this issue on appeal.

"Rule 59(e) motions serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence." *Holder v. United States*, 721 F.3d 979, 986 (8th Cir. 2013) (quotation marks omitted); *see also Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998). Derden has offered no new evidence and has not convinced the Court of any error, manifest or otherwise.

First, the letter on which Derden relies was sent to the *probation officer*, not to the *Court*. An objection that the defendant makes only in a letter to a probation officer — and not in the sentencing position that he files with the Court — is not an objection on which the Court must rule under Rule 32(i)(3)(B). *See United States v. Williams*, 124 F.3d 209, at *1 (8th Cir. 1997) (per curiam) (unpublished) (defendant who made objection only in letter to probation officer "failed to properly object" to PSR); *United States v. Wajda*, 1 F.3d 731, 732 (8th Cir. 1993) (per curiam) (defendant who raised factual objection in letter to probation officer but did not file sentencing position with court "failed to object properly" to PSR). It is common for a defendant to make numerous objections in correspondence with the probation officer but to renew few if any of those objections in the sentencing position that he

files with the Court. The Court rules on the objections made in the sentencing position, not those made in the correspondence. Indeed, the Court almost never *sees* the correspondence between the parties and the probation officer. In this case, for example, the Court has no memory of seeing the letter that Derden sent to the probation officer until Derden filed it in connection with his § 2255 motion.

Second, the passage in the letter that Derden cites is entirely consistent with the findings made in the Court's order denying Derden's § 2255 motion. In the letter, Derden did not argue that he had not been convicted for theft from a person, nor did he argue that he had not punched a woman in the face and stolen her purse. Instead, Derden objected to the "inclusion of language" describing the circumstances of the theft. That was consistent with Derden's legal objection that the Court should take the categorical approach and *ignore* the circumstances of the theft.

Again, the Court ruled on the one and only objection presented to it in connection with sentencing. The Court did not "fail[] to comply with Rule 32(i)(3)(B)," and Derden's attorney was not ineffective for "neglect[ing] to raise the Court's failure . . . ." ECF No. 90 at 10. Derden has offered no reason to alter or amend the judgment denying his § 2255 motion.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, the Court DENIES Derden's motion to alter or amend the judgment [ECF No. 96].

Dated: December 19, 2014      s/Patrick J. Schiltz  
                                           Patrick J. Schiltz  
                                           United States District Judge