UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 12-CR-0012 (PJS/SER) |
| | Case No. 14-CV-3235 (PJS) |
| Plaintiff, | |
| v. | |
| | ORDER |
| DEMETRIUS CHARLES EDWARD DERDEN, | |
| Defendant. | |

Julie E. Allyn, UNITED STATES ATTORNEY'S OFFICE, for plaintiff.

Brian N. Toder, CHESTNUT CAMBRONNE PA, for defendant.

Defendant Demetrius Derden pleaded guilty to interference with commerce by robbery under the Hobbs Act, 18 U.S.C. § 1951(a). At sentencing, the Court concluded that Derden was a career offender for purposes of § 4B1.1 of the United States Sentencing Guidelines because he had been convicted of two prior crimes of violence. The Court sentenced Derden to 170 months in prison.

Derden brought a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. The procedural history of Derden's § 2255 motion is outlined in detail in an earlier order. *United States v. Derden*, No. 12-CR-0012, 2016 WL 5858638, at *4-6 (D. Minn. Oct. 5, 2016). In that order, the Court denied Derden's claim of ineffective assistance of counsel and deferred ruling on his remaining claim—a claim that, under

*Johnson v. United States*, 135 S. Ct. 2551 (2015), his prior conviction for theft from a person does not qualify as a crime of violence and he is therefore not a career offender. The Court deferred ruling until the Supreme Court issued its decision in *Beckles v. United States*, 137 S. Ct. 886 (2017).

The Supreme Court has now issued its decision in *Beckles*, holding that the Sentencing Guidelines are not subject to void-for-vagueness challenges. 137 S. Ct. at 892. *Beckles* forecloses Derden's argument that the "residual clause" of the career-offender guideline is unconstitutionally vague, and thus his *Johnson* claim is denied.

Derden also moves to submit additional briefing, seeking to use the Court's decision in *United States v. Pettis*, No. 15-CR-0233, 2016 WL 5107035 (D. Minn. Sept. 19, 2016), *appeal docketed*, No. 16-3988 (8th Cir. Oct. 20, 2016), to make additional arguments that his prior convictions do not qualify as predicate offenses under the career-offender guideline. ECF No. 139 at 2. Under *Sun Bear v. United States*, 644 F.3d 700, 705-06 (8th Cir. 2011) (en banc), however, ordinary challenges to the application of the Guidelines of the type that Derden wishes to make are not cognizable under § 2255.

True, in *Sun Bear* the Eighth Circuit mentioned that the defendant's sentence was within the Guidelines range even without the career-offender enhancement. *Sun Bear*, 644 F.3d at 705. This Court does not read *Sun Bear* to turn on that fact, however. Instead, the Eighth Circuit concluded that there was no miscarriage of justice because,

even if the alleged Guidelines error were corrected, the same sentence *could* be reimposed. *Id.* The Eighth Circuit repeatedly emphasized the "basic principle that, in sentencing, a miscarriage of justice cognizable under § 2255 occurs when the sentence is in excess of that authorized by law." *Id.* at 706.

Because Derden's 170-month sentence is within the statutory maximum of 20 years, 18 U.S.C. § 1951(a), the Court would have the authority to impose the same sentence even if it made an error in calculating his Guidelines range. Derden's attempt to challenge his classification as a career offender is therefore unavailing, and his motion to submit additional briefing is denied.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Defendant's motion to vacate, set aside, or correct his sentence [ECF No. 90] is DENIED.

2. No certificate of appealability will issue.

3. Defendant's motion to submit additional briefing [ECF No. 139] is DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: June 19, 2017

s/Patrick J. Schiltz  
Patrick J. Schiltz  
United States District Judge