UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 12-CR-0012 (PJS/SER) |
| Plaintiff, | |
| v. | ORDER |
| DEMETRIUS CHARLES EDWARD DERDEN, | |
| Defendant. | |

Defendant Demetrius Derden is serving a 170-month sentence after pleading guilty to interference with commerce by robbery under the Hobbs Act, 18 U.S.C. § 1951(a). This matter is before the Court on Derden's motion for release under 18 U.S.C. § 3582(c)(1)(A). ECF No. 156. For the reasons that follow, the motion is denied.

Under § 3582(c)(1)(A)(i), a court may reduce a defendant's term of imprisonment if, "after considering the factors set forth in [18 U.S.C.] section 3553(a) to the extent that they are applicable," the court finds that "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The Sentencing Commission has issued U.S.S.G. § 1B1.13, a policy statement that governs motions under § 3582(c)(1)(A). Section 1B1.13 was issued when the Bureau of Prisons had the sole authority to bring motions for release under § 3582(c)(1)(A). Unfortunately, § 1B1.13

has not been updated to reflect that, as a result of the 2018 First Step Act, defendants now have the ability to bring such motions directly.

This anomaly has given rise to a debate concerning whether and to what extent § 1B1.13 applies to motions filed by defendants, with several circuits recently holding that § 1B1.13 applies only to motions filed by the Bureau of Prisons, and not to motions filed by defendants on their own behalf.  *See United States v. Long*, 997 F.3d 342, 355 (D.C. Cir. 2021); *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021); *United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021); *United States v. McGee*, 992 F.3d 1035, 1050 (10th Cir. 2021); *United States v. McCoy*, 981 F.3d 271, 280–84 (4th Cir. 2020); *United States v. Jones*, 980 F.3d 1098, 1108–11 (6th Cir. 2020); *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020); *United States v. Brooker*, 976 F.3d 228, 234 (2d Cir. 2020).  *But see United States v. Bryant*, 996 F.3d 1243, 1262 (11th Cir. 2021).  The Eighth Circuit has not yet addressed this issue.  For reasons that this Court has explained at length in a prior order, this Court finds that "§ 1B1.13 does not apply to motions for compassionate release filed by defendants," but that "§ 1B1.13's definition of 'extraordinary and compelling' should be afforded substantial deference when a court considers compassionate-release motions filed by defendants."  *United States v. Logan*, No. 97-CR-0099(3) (PJS/RLE), 2021 WL 1221481, at *4 (D. Minn. Apr. 1, 2021).

Derden argues that his health conditions and race are extraordinary and compelling reasons in light of the COVID-19 pandemic. The Court disagrees.

To start, Derden claims that he has asthma that worsened after he contracted COVID-19. ECF No. 158 at 4. This assertion, however, is not supported by Derden's medical records. *See* ECF No. 156-2 at 19 ("no records show of this"). To the contrary, a doctor wrote on May 19, 2021 that Derden's lungs sounded "clear," there was no "apparent respiratory distress," and there was "insufficient evidence" that Derden needed a chest x-ray. *Id.* at 18. Although moderate-to-severe asthma is a potential COVID-19 risk factor,[1] "the Court is unable to find on the record before it that [Derden] currently suffers from even mild asthma, much less moderate-to-severe asthma."[2] *United States v. Sevilla-Acosta*, No. 10-CR-0230(22) (PJS/FLN), 2020 WL 6589797, at *1 (D. Minn. Nov. 10, 2020). Therefore, Derden's asthma is not extraordinary and compelling.

Next, Derden says that he has lingering symptoms from his COVID-19 infection, including pain and inflammation in his upper back, allergies, post-nasal drip and

---

[1] Ctrs. for Disease Control & Prevention, *Medical Conditions* (Aug. 20, 2021), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.

[2] Derden says that he requested health records from outside the Bureau of Prisons that would substantiate his history of asthma. ECF No. 156 at 2. But Derden has not supplied the Court with these records, and Derden's presentence report ("PSR") from 2012 states that he was in "good physical health" and was not taking any medications. PSR ¶ 56. Derden did not object to these assertions in the PSR.

congestion, difficulty breathing while exercising, fatigue, brain fog, and body aches. Few of these health conditions are reflected in Derden's medical records. *See* ECF No. 156-2 at 16 (noting upper back pain was likely due to muscle spasms). Derden asserts that healthcare workers misrepresented his post-COVID-19 symptoms in the records. ECF No. 156 at 4. But even if this is true, a prior COVID-19 infection is not a COVID-19 risk factor—to the contrary, it provides a degree of *immunity* from COVID-19—so Derden's prior infection and lingering symptoms are not extraordinary and compelling reasons for his release. *See United States v. Williams*, No. 16-CR-0251 (DWF/KMM), 2021 WL 1087692, at *3 n.9 (D. Minn. Mar. 22, 2021).

Setting aside those unsubstantiated health conditions, Derden does identify two possible COVID-19 risk factors. First, Derden suffers from hypertension, which is documented in his medical records. *See* ECF No. 156-2 at 14, 18, 23, 25. According to the Centers for Disease Control and Prevention ("CDC"), hypertension "possibly" can increase the risk of serious illness from COVID-19.[3] Second, Derden is Black, and the CDC has indicated that COVID-19 has disproportionately impacted certain minority

---

[3] Ctrs. for Disease Control & Prevention, *supra* note 1.

groups.[4]  *See Williams*, 2021 WL 1087692, at *3–4 (recognizing Black inmate with obesity and hypertension had COVID-19 risk factors, but denying release due to vaccination).

However, "three factors substantially reduce the risk posed" by Derden's hypertension and race.  *United States v. Cesario*, No. 14-CR-0092 (PJS/TNL), 2021 WL 2201550, at *1 (D. Minn. June 1, 2021) (discussing vaccination, previous COVID-19 infection, and low positivity rate in prison).  First, Derden has received both doses of the Moderna vaccine.  ECF No. 156-2 at 29–30.  "All evidence is that the Moderna vaccine is very effective, and courts have found that a risk of serious complications from COVID-19 is not extraordinary and compelling when experienced by a vaccinated inmate."  *Cesario*, 2021 WL 2201550, at *1 (citing cases); *see also United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021) ("[F]or the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release."); *Williams*, 2021 WL 1087692, at *3–4.  Second, Derden has already contracted and recovered from COVID-19, ECF No. 156-2 at 28, providing him with some degree of natural immunity.  *See United States v. Giles*, No. 14-CR-0378(1) (ADM/LIB), 2021 WL 1737755, at *3 (D. Minn. May 3, 2021).  And

---

[4]Ctrs. for Disease Control & Prevention, *Hospitalization and Death by Race/Ethnicity* (July 16, 2021), https://www.cdc.gov/coronavirus/2019-ncov/covid-data/investigations-discovery/hospitalization-death-by-race-ethnicity.html.

third, Derden's facility of incarceration (FCI Oxford) has no COVID-19 cases among inmates and one case among staff, and has fully vaccinated 71 staff and 471 inmates.[5]

In response, Derden argues that the vaccines become less effective over time and they may not fully protect against the COVID-19 variants, including the Delta variant. ECF No. 158 at 5. As other courts have recognized, the available data shows that the vaccines are effective against the variants. *See, e.g.*, *United States v. Wilson*, No. 16-20081, 2021 WL 3417917, at *3 (E.D. Mich. Aug. 5, 2021); *United States v. Long*, No. 99-0182 (PLF), 2021 WL 3185600, at *5 (D.D.C. July 28, 2021). Of course, "the Moderna vaccine is not 100 percent effective, which leaves a small chance that [Derden] could be reinfected." *Cesario*, 2021 WL 2201550, at *2. "But *every* prisoner runs a small risk of lots of serious medical conditions (including COVID-19)." *United States v. Rodriguez*, No. 15-CR-0254 (PJS/BRT), 2021 WL 1187149, at *2 (D. Minn. Mar. 30, 2021). The risk that Derden will (1) be reinfected with COVID-19 or a variant and (2) become seriously ill is, therefore, too speculative to justify his release. *See United States v. Meza-Orozco*, No. CR14-5246 BHS, 2021 WL 3630519, at *4 (W.D. Wash. Aug. 17, 2021); *Long*, 2021 WL 3185600, at *4–5; *Cesario*, 2021 WL 2201550, at *2; *Rodriguez*, 2021 WL 1187149, at *2; *Williams*, 2021 WL 1087692, at *3–4.

---

[5]Fed. Bureau of Prisons, *COVID-19 Cases*, https://www.bop.gov/coronavirus/index.jsp (last visited Aug. 23, 2021).

Derden also takes issue with the conditions of confinement at FCI Oxford—including the COVID-19 restrictions—which he says are "psychologicall[y] unbearable." ECF No. 156-1 at 2–3. But the conditions of confinement at FCI Oxford impact *all* of its inmates and do not provide a particularized reason for Derden's release under § 3582(c)(1)(A). *See Cesario*, 2021 WL 2201550, at *2 (rejecting similar argument about FCI Oxford). Further, if Derden wishes to challenge the conditions of his confinement, he must do so in a *Bivens* action filed in the federal district in which he is confined. *See id.* at *2 n.4; *United States v. Spencer*, No. 07-CR-0174(1) (JRT/JJG), 2021 WL 849565, at *1 n.1 (D. Minn. Mar. 5, 2021).[6]

Finally, Derden argues that his family circumstances provide an extraordinary and compelling reason for release, as he has twin daughters. ECF No. 156-1 at 3. But Derden has not shown that his daughters are incapacitated or that he is their only available caregiver. *See Cesario*, 2021 WL 2201550, at *2 (elderly and sick parents did not provide compelling reason for release when they were not incapacitated and defendant was not only caregiver); *Rodriguez*, 2021 WL 1187149, at *3 (chronic illness of family members was not extraordinary and compelling when family members were not incapacitated and defendant was not only caregiver); *cf.* U.S.S.G. § 1B1.13, cmt. n.1(C).

---

[6]Derden argues that FCI Oxford has done a poor job of responding to the pandemic. ECF No. 156 at 7. This, too, does not provide a particularized reason for Derden's release. *See Cesario*, 2021 WL 2201550, at *1 n.3.

In short, none of Derden's reasons for release—whether considered individually or collectively—are extraordinary and compelling.

Even if Derden had provided an extraordinary and compelling reason for his release, the Court would nevertheless deny his motion because the § 3553(a) factors weigh heavily against release.  True, Derden has served the majority of his sentence.  But given the circumstances of Derden's crime, requiring Derden to serve his full sentence is necessary to reflect the seriousness of his offense, to provide just punishment for that offense, and to protect the public from Derden.  *See* § 3553(a)(2).  Derden's crime "was particularly brazen and cruel."  *United States v. Derden*, Nos. 12-CR-0012 (PJS/SER), 14-CV-3235 (PJS), 2016 WL 5858638, at *1 (D. Minn. Oct. 5, 2016).  Using a BB gun to simulate a firearm, Derden robbed a convenience store that was staffed by an 18-year-old clerk.  After the clerk handed over the money in the cash register, Derden demanded the money from two safes in the back room.  The clerk opened the first safe but did not know the combination to the second.  Derden ordered the clerk on his knees, held the BB gun to the back of his head, and threatened to kill him.  The clerk begged for his life.  A struggle ensued, during which Derden bit the clerk's finger and struck him multiple times on the head with the BB gun.  Derden's crime left the clerk traumatized and with permanent facial scars.  *See id.*; PSR ¶¶ 5–9.

Moreover, Derden has a serious criminal history. Derden has committed other violent offenses, including a theft during which he punched the victim in the face, and two robberies of the same gas station—the first time with a hammer, and the second time with a gun. PSR ¶¶ 30, 33–34. And Derden has committed crimes while on court supervision. *See* PSR ¶ 36. Reducing Derden's sentence, therefore, would not adequately accomplish the goals of § 3553(a).

Derden recognizes his serious criminal history and offense conduct, but argues that he is rehabilitated, since he has completed various programs, maintained a job, and reduced his custody classification. *See* ECF No. 156-1 at 1–2, 4–5; ECF No. 158 at 6; ECF No. 156-2 at 56–69, 78–89; ECF No. 158-1 at 14–19. The Court commends Derden "for taking concrete steps to turn his life around, but the Court must balance these efforts against the rest of [his] record." *United States v. Crenshaw*, No. 16-CR-0004 (PJS/SER), 2020 WL 6821872, at *2 (D. Minn. Nov. 20, 2020). Given his criminal history, Derden's "efforts at rehabilitation, while praiseworthy, do little to persuade the Court that he will comply with the law after he is released from prison."[7]  *Id.*

For these reasons, Derden's motion for release is denied.

---

[7]The Court notes that rehabilitation alone is not an extraordinary and compelling reason for release, *see* 28 U.S.C. § 994(t); *Logan*, 2021 WL 1221481, at *7–8, nor is the fact that Derden has served the vast majority of his sentence, *see United States v. Hill*, No. 10-CR-0324(3) (PJS/JSM), 2020 WL 7706990, at *2 (D. Minn. Dec. 29, 2020).

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT defendant's motion for release [ECF No. 156] is

DENIED.

Dated: August 23, 2021          s/Patrick J. Schiltz
                                Patrick J. Schiltz
                                United States District Judge